IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

WAYNE HAKWINS,

     Plaintiff,

v.

UNITED STATES OF AMERICA,

     Defendant.

CIVIL ACTION FILE

NO. 3:21-cv-84-TCB

## **O R D E R**

This case comes before the Court on Plaintiff Wayne Hawkins's motion [3] for entry of default and Defendant United States of America's motion [6] to dismiss this action because of the pendency of civil forfeiture proceedings involving the property which is the subject of this case.

As a preliminary matter, the Court finds that Defendant was not served until June 1, 2021. It responded via its motion [6] to dismiss on July 30, within the permitted 60-day period for response under Rule 4

of the Federal Rules of Civil Procedure. Accordingly, Hawkins's motion [3] for entry of default will be denied.

## I. Background

On April 14, 2021, agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives executed a search warrant at Hawkins's home. The agents seized various items, including the 961 silver coins and silver bars that are the subject of this action.

On May 4, the ATF sent written notice to Hawkins informing him that forfeiture proceedings against the property had been initiated.

On May 27, Hawkins filed this suit, alleging that the ATF had wrongfully seized the coins and bars and requesting their return.

On July 30, the government filed a civil forfeiture complaint in this Court, *United States v. $447.00 in United States Currency, et al.*, No. 3:21-cv-122-TCB. The same day, Defendant filed its motion [6] to dismiss Hawkins's claims because of the pendency of the civil forfeiture action involving the same property.

## II.    Discussion

Rule 41 of the Federal Rules of Criminal Procedure permits motions to return property by persons aggrieved by an unlawful search and seizure. FED. R. CRIM P. 41(g). That said, "[i]t is well-settled that the proper method for recovery of property which has been subject to civil forfeiture is not the filing of a [Rule 41(g)] Motion, but filing a claim in the civil forfeiture action." *United States v. Castro*, 883 F.2d 1018, 1019 (11th Cir. 1989).

Where, as here, "'the claimant is afforded the opportunity to test the legality of the seizure in the forfeiture proceeding,' relegating the claimant to that proceeding would avoid problems inherent in parallel proceedings." *De Almeida v. United States*, 459 F.3d 377, 382 (2d Cir. 2006) (quoting *United States v. One 1987 Jeep Wrangler*, 972 F.2d 472, 479 (2d Cir. 1992)).

"Rule 41[(g)] is an equitable remedy, and '[u]nder standard equity doctrine, where there is an adequate remedy at law it must be pursued.'" *Id*. (quoting *Shaw v. United States*, 891 F.2d 602, 603–04 (6th Cir. 1989)).

Hawkins has an adequate legal remedy in the civil forfeiture proceeding. In that proceeding, he will have the "opportunity to make any challenges regarding the government's seizure of the" silver coins and bars. *CFK, LLC v. United States*, 324 F.R.D. 236, 238 (D. Utah. 2018) (further holding that "[o]nce the government filed its civil forfeiture, [Plaintiff] obtained an adequate remedy at law and it is irrelevant that [Plaintiff] filed its equitable motion for return of property first").

Because the civil forfeiture proceeding provides Hawkins with an adequate legal remedy, the Court need not exercise equitable jurisdiction over his Rule 41(g) motion. *See Richey v. Smith*, 515 F.2d 1239, 1243 (5th Cir. 1975) (holding that Rule 41(g) motions are "governed by equitable principles," and "[w]hether to exercise that jurisdiction in a given case is subject to the sound discretion of the district court").

Hawkins's response [7] to Defendant's motion is based on the assertion that the parallel civil forfeiture action does not include every

item sought to be returned in this case.[1] The Government's complaint in the civil forfeiture action "seeks to forfeit, among other things, all of the coins, metals and bars which were seized on April 14, 2021, including the property at issue in this case." [8] at 2. Attached to the Government's complaint in that action is a detailed list of the items seized. The list details, with specificity, the silver bars and coins seized from Hawkins, including such entries as "Eighty Assorted .999 fine silver coins, one-half troy ounce each; copy design for Silver Eagle and Buffalo" and "Twenty Sunshine Minting .999 fine silver bars, one troy ounce each." [8] at 21.

The Court thus finds that the 961 silver bars and coins that are the subject of Hawkins's claims are indeed included in the related civil forfeiture action. Because that action provides Hawkins with an adequate remedy at law, his claim for equitable relief under Rule 41(g) is due to be dismissed.

---

[1] Hawkins also points to a since-resolved clerical error as a reason why his claims should not be dismissed. Because the error was resolved and does not affect the substance of Defendant's motion, the Court need not consider it.

## III. Conclusion

For the foregoing reasons, Hawkins's motion [3] for entry of default is denied and Defendant's motion [6] to dismiss is granted. The Clerk is directed to close this case.

IT IS SO ORDERED this 25th day of October, 2021.

Timothy C. Batten, Sr.
Chief United States District Judge